PROB 12A
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Terrence James Darden</u>    Case Number: <u>3:09-00198</u>

Name of Current Judicial Officer: <u>Honorable Todd J. Campbell, United States District Judge</u>

Date of Original Sentence: <u>June 30, 201009</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>30 months' custody followed by two years' supervised release</u>

Type of Supervision: <u>Supervised release</u>    Date Supervision Commenced: <u>March 12, 2012</u>

Assistant U.S. Attorney: <u>To be determined</u>    Defense Attorney: <u>Sumpter L. Camp</u>

---

**THE COURT ORDERS:**

☒ No Action *at this time*
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this __23__ day of __Aug__, 2013,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place        Nashville, Tennessee

Date         August 21, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>   <u>Nature of Noncompliance</u>

1.   **The defendant shall not commit another federal, state, or local crime.**

   On August 17, 2013, Mr. Darden was issued a citation by Metropolitan Nashville Police Department for Possession or Casual Exchange - Controlled Substance, a class A misdemeanor, in Nashville, Davidson County, Tennessee. He is scheduled to be booked on September 11, 2013.

   According to the misdemeanor citation, on August 17, 2013, officers observed Mr. Darden driving northbound on South 14th Street, near the intersection of Sevier Street, and he crossed over the center line. He came close to the police officer's car in their lane. Mr. Darden was subsequently stopped. The police officers noticed a strong odor of marijuana when they approached Mr. Darden's vehicle. The officer asked Mr. Darden to step out of the car, and Mr. Darden freely admitted that he had a small baggie of marijuana on his person and a marijuana blunt in the vehicle. Mr. Darden then reached into his pocket and handed the officers a small baggie containing two grams of marijuana. During a probable cause search of the vehicle, one of the officers located a marijuana "blunt" in the ashtray of the center console of the vehicle that weighed one gram. A state computer record check of Mr. Darden revealed that he did not have any warrants, failure to appear or failure to be booked issues.

2.   **The defendant shall refrain from any unlawful use of a controlled substance.**

   On August 21, 2013, Mr. Darden tested positive for marijuana use.

   Mr. Darden reported to the probation office on August 21, 2013, as instructed, as a result of law enforcement contact on August 17, 2013, and having marijuana on his person. He submitted a urine specimen which tested positive for marijuana. Mr. Darden admitted to use of same. The specimen was sent to the laboratory for confirmation.

**Compliance with Supervision Conditions and Prior Interventions:**

Terrence James Darden began his two year term of supervised release on March 12, 2012. His term of supervised release is scheduled to terminate on March 11, 2104. Mr. Darden is employed at Fox Moving and Storage.

On August 17, 2013, at approximately 4:20 p.m., the probation officer received a voicemail from an officer with the Metropolitan Nashville Police Department stating he stopped Mr. Darden for a traffic violation, but Mr. Darden admitted he had a small bag of marijuana on his person. The officer indicated that Mr. Darden was very compliant, and he would be issued a misdemeanor citation for simple possession. Mr. Darden called the probation officer on the same date to advise of his contact with law enforcement and his misdemeanor citation.

On August 19, 2013, the probation officer contacted Mr. Darden regarding his law enforcement contact. He related he has been stressed out and having family problems. Mr. Darden admitted he needed help, and he requested substance abuse treatment. Mr. Darden was referred to Centerstone Mental Health upon the start of his term of supervised release on March 19, 2012. He had a substance abuse treatment assessment at Centerstone on March 27, 2012, and no treatment was recommended at that time. Based on the recent event, Mr. Darden has been referred back to Centerstone Mental Health for an updated assessment and for the treatment he requested.

**U.S. Probation Officer Recommendation:**

At this time, the probation officer is requesting that no additional action be taken by the Court.

It is recommended that Mr. Darden continue on supervised release with increased drug testing and to return to Centerstone Mental Health to participate in substance abuse treatment. Any further non-compliant behavior will be promptly reported to Your Honor.

The U. S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer